(No. 5018-)

ALVIN McGEE, A Minor, By MINNIE McGEE, his next friend, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 11, 1965.*

McCOY AND MING, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; EDWARD A. WARMAN, Assistant Attorney General, for Respondent.

DOVE, *J.*

Claimant, Alvin McGee, A Minor, by Minnie McGee, his mother and next of kin, filed his complaint in this Court on January 3, 1962. Claimant seeks financial help or assistance, as provided by the Military and Naval Code of Illinois, Chap. 129, Sec. 202.53, 1961 Ill. Rev. Stats., for personal injuries, which he suffered while a member of the Illinois National Guard, and in performance of duty pursuant to competent orders.

From the record it would appear that Alvin McGee, now an adult, at the age of 18 enlisted in the Illinois National Guard, and was assigned to Battery A, 1st Automatic Weapons Battalion, 184th Artillery, at Chicago, Illinois. At the time he executed his enlistment documents on March 27, 1960, he signed an "Enlistment Agreement," which required that he enter upon "six months of active duty for training." On May 14, 1960, and pursuant to written orders, he entered into such training duty at Fort Leonard Wood, Missouri. While at Camp Leonard Wood, all of his superior officers were U.S. Army personnel on full time active duty. Claimant would have been released from such training duty on November 13, 1960 but for an accidental injury, which occurred on October 29, 1960, while on the post at Fort Leonard Wood, Missouri.

He was hospitalized for said injury, a fractured leg, at the Fort Leonard Wood Army Hospital, and there he remained until on or about May 1, 1961. His accident and injury were stipulated to have been "in line of duty."

Upon his release from the hospital on May 1, 1961, claimant was wearing an ischial weight-bearing brace on the leg, which had been fractured in the accident. Following his return to Chicago, he reported to his Illinois National Guard unit, and attended all armory drill assemblies and the annual field training at Camp Perry, Ohio. While at Camp Perry, Ohio, his Illinois National Guard Battalion Commander noticed the leg brace, while claimant was standing in ranks on July 7, 1961. Immediately he ordered that claimant be given a medical examination and care while at field training. X-rays showed a complete fracture of the tibia and fibula in the middle third of the lower left leg; the segments of the fibula were completely separated; and, the segments of the tibia were in poor alignment with soft tissues interposed.

From Camp Perry, Ohio, claimant was transferred to the U.S. Naval Hospital at Great Lakes, Illinois, for further hospitalization, treatment and disposition. He was returned to "full duty" on January 10, 1962 after a medical board proceeding, which was held at the said hospital.

From the time claimant went on active duty on May 14, 1960, and until he was discharged from the hospital at Fort Leonard Wood, he received military pay as a private first class, or $83.00 per month. After his discharge from the hospital, and until he was returned to "full duty" on January 10, 1962, the Departmental Report shows that he received but $392.14 as military pay. Claimant still has a non-union of the fibula, and still suffers swelling of the leg, associated with pain and discomfort, which is caused by the gravitational flow of cellular fluid from the soft tissue over the tibia surface. Dr. Allen Wright, a Major in the U.S. Medical Corps, and an orthopedic surgeon, estimated that claimant had sustained a 20 per cent permanent loss of the use of his leg.

There appears to be no dispute as to the facts; nor is there any dispute that claimant might recover under the said statute, if the written authority, or written orders, under which claimant entered upon such training duty had issued from the office of Leo M. Boyle as Adjutant General of the State of Illinois, by order of the Governor of the State of Illinois; or that if all of claimant's superior officers had been Illinois National Guardsmen at the time of the injury.

The State of Illinois has, since 1909, provided, through awards of this Court, financial help or assistance to guardsmen, who have been injured while performing their duties in the Illinois National Guard under competent orders. *Dudley* vs. *State of Illinois*, 21 C.C.R. 255; *Dunham* vs. *State of Illinois*, 23 C.C.R. 28; and, *Sypniewski* vs. *State of Illinois*, 21 C.C.R. 586. In the latter case, claimant was allowed an

award, even though respondent argued that claimant was "on a frolic of his own" where the facts showed that claimant left his kitchen police duties between meals, went for a hike in the woods, and touched a grenade, which he saw partly imbedded in the dirt, and which exploded and caused him serious injuries.

Respondent in this case argues that, because claimant's orders, which directed him to report for training duty at Fort Leonard Wood, were signed by Leo M. Boyle as Major General of the United States Army rather than as Adjutant General of the State of Illinois, claimant was not performing his duties at the time of his injuries in pursuance of orders issued by the Commander-in-Chief, the Governor of the State of Illinois.

There was admitted into evidence in this case, by agreement, a true copy of the written order placing claimant on active duty for a six months training period at Fort Leonard Wood. Said exhibit is upon the letterhead of the Department of the Army, National Guard Bureau, Washington, D.C., and reads in part as follows:

". . . Each of the following enlisted *with . . . the consent of the governor* (emphasis supplied) of the State of Illinois is ordered to (active duty for training) for a period of six months."

Said order ends as follows:

". . . By order of Wilbur N. Brucker, Secretary of the Army: /s/ Leo M. Boyle, Major General, U.S.A. (Adjutant General of Illinois)."

Respondent argues further that, because claimant's activities were supervised by military personnel other than officers of the Illinois National Guard, claimant was not performing duties under orders from the Commander-in-Chief, the Governor of the State of Illinois, but was performing duties pursuant to orders from the U.S. Department of the Army.

In *Dudley* vs. *State of Illinois*, 21 C.C.R. 255 at 256, we

said: "officers and enlisted men of the Illinois National Guard are members of both the National Guard of the United States and the federally recognized National Guard of the several states." We hold that, when an Illinois National Guardsman is injured while in the performance of duties pursuant to orders of the Governor, or of the U.S. Department of Defense with the consent of the Governor, such are competent orders, which allow an injured National Guardsman to make claim for financial aid and assistance.

In considering the amount of financial help and assistance claimant is entitled to under the statute, we have held that awards are made as the merits of each case may demand. This Court has often used the Workmen's Compensation Act as a guide. In doing so, however, it has not considered the Workmen's Compensation Act to be either a ceiling over or a floor under the awards. *Dunham* vs. *State of Illinois*, 23 C.C.R. 32.

In the instant case, claimant's earning capacity was, and is, unquestionably affected. For the 20 per cent permanent loss of the use of his leg, we are of the opinion that an award of $2,040.00 would be proper.

An award is hereby made to claimant, Alvin McGee, A Minor, by Minnie McGee, his next friend, in the sum of $2,040.00.